[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion to strike claiming that the complaint states a claim of res ipsa loquitur, and that since res ipsa loquitur is a rule of evidence rather than a cause of action, a count alleging res ipsa is legally insufficient.
In this one count complaint, the plaintiff alleges, inter CT Page 5676 alia, that she was admitted to the hospital for a surgical procedure; that the day following the surgery she was discharged from the hospital; that on her arrival at home she found open wounds to the upper thigh and buttock area of each leg; that the wounds were not present prior to her hospital admission; that the hospital or its agents or employees were in exclusive control of her admission, surgery, in hospital stay and discharge; that her injuries would not have ordinarily occurred unless her medical care and treatment was rendered negligently by the defendant, its agents or employees; and that her injuries were not caused by her own action.
The plaintiff clearly alleges negligence on the part of the hospital, and, in addition alleges facts to support that negligence may be inferred under a theory of res ipsa loquitur. That is sufficient to state a cause of action and Connecticut courts have consistently so held. See Scace v. Hartford Hospital, Superior Court, New London J.D., No. 532378 (12/15/95, Hurley, J.); Doe v. Shop-Rite, Superior Court, New London J.D., No. 52192 (Leuba, J.); Rosenblum v. Deerfield Woods Condominium Ass'n.Inc., 4 Conn. L. Rptr. 340 (7/11/91, Nigro, J.).
In Kowas v. The Coca Cola Bottling Company,23 Conn. L. Rptr. 18 (3/11/99), a duplicative count of res ipsa loquitur was struck. That ruling is consistent with others where a plaintiff has brought an action in negligence and another count alleging res ipsa. But in this case, where there is only one count, the plaintiff is not advancing a duplicative theory.
In sum, the complaint is legally sufficient and the Motion to Strike is denied.
Klaczak, J.